UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: 8:23-cv-00221

MYCOL AKHILE, an individual,

    Plaintiff,

v.

SETH HOLBROOK FITNESS, LLC d/b/a Social Athlete,
a Florida limited liability company,
and SETH HOLBROOK, an individual,

    Defendants.

**DEFENDANTS' MOTION TO DISMISS AND IN THE ALTERNATIVE COMPEL ARBITRATION**

Defendants, by and through undersigned counsel, do submit their Motion to Dismiss Plaintiff's Amended Complaint, and in support thereof do aver:

1) Plaintiff's Civil Complaint purports to bring the following counts: Declaratory Judgment, Tortious Interference, Violation of Section 512 of Title 17 of the U.S.C., Defamation, Violation of the Florida Deceptive and Unfair Trade Practices Act, and Fraudulent Misrepresentation. Each and every tort action claimed fails to state a cause of action, as the requisite elements of each claim have not been properly pleaded.

Declaratory Judgment: A declaratory judgment at this stage of litigation is improper, as none of

the merits the Plaintiff seeks under said count have been evidenced through discovery or fiat from the Court. As such, any declaratory judgment in this instance must be rendered moot at this time.

Defamation: Plaintiff's Complaint fails to properly state a cause of action for "Defamation" and "Fraudulent Misrepresentation" as there are not sufficient facts alleged to suffice the burden of proving the disparate elements of those torts. To state a cause of action for Defamation, and Fraudulent Misrepresentation, under Florida law, a Plaintiff must allege that the statement was a knowingly false statement published about the Plaintiff to a third party, and that such falsity caused injury to the Plaintiff. Ortega Trujillo v. Banco Central Del Ecuador, 17 F. 2 Supp. 2d 1334, 1339 (S.D. FL. 1998). In this instance, Plaintiff's Amended Complaint fails to show that the Defendants' statements as constituted subjected Plaintiff to hatred, distrust, ridicule, contempt, or disgrace; In addition, the statements do not tend to injure the Plaintiff, in his trade or profession, as the statements do not reflect on the quality of the work performed, nor do they impute any attempts to injure the business practices of the Defendants. The Plaintiff has not sufficiently plead actual damages suffered by the alleged statements in question, and as the claim in this instance is for defamation, not defamation per se, damages are not presumed and must be plead with specificity, which is absent from the Plaintiff's Amended Complaint. Accordingly, the count must be dismissed.

FDUPTA: Florida's Unfair and Deceptive Trade Practices Act declares that "unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. Fla. Stat. j 501.204(1). "The Florida Supreme Court has noted that 'deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the

circumstances, to the consumer's detriment.' " Zlotnick v. Premier Sales Group, Inc., 480 F.3d 128 1, 1284 (1 1th Cir. 2007). Here, the Plaintiff has alleging that the Defendants' efforts constituted such unfair or deceptive acts. To state a claim under FDUTPA, a plaintiff must allege (1) a deceptive or unfair practice in the course of trade or commerce, (2) causation, and (3) actual damages. Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (FL. 2d DCA 2006). The Amended Complaint fails to allege what actual practice committed by the Defendants was unfair or deceptive, and damages stemming from the causation from said prior element. Therefore, the claim should be dismissed.

Tortious Interference with a Business Relationship: Plaintiff's Amended Complaint fails to properly state a cause of action for "Tortious Interference with a Business Relationship" as there are not sufficient facts alleged to suffice the burden of proving the disparate elements of that tort. In order to prevail on a claim for tortious interference with a business relationship under Florida law, a plaintiff must allege the existence of a business relationship, the Defendant's knowledge of that relationship, the Defendant's intentional interference to disrupt that relationship, and the existence of damages. *Monco Enterprises, Inc. v. Ziebart Corp.*, 673 So.2d 491 (Fla. 1st DCA 1996). The Amended Complaint as stated fails to competently allege that the Defendant intentionally interfered with any relationships the Plaintiff had with third parties. "An action for tortious interference with a prospective business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *ISS Cleaning Services Group, Inc. v. Cosby*, 745 So.2d 460, 462 (Fla. 4th DCA 1999). The Courts in Cosby and Ziebart both held that the Plaintiff must show that but for the Defendant's actions, the agreements would have been completed. In this instance, the Amended Complaint fails to allege

that the Defendants didn't act in good faith under this Count, and that they purposefully attempted to interfere with or subvert the existing relationship between the Plaintiff and the third party. Accordingly, the claim must be dismissed for failure to state a claim upon which relief can be granted under Fla Stat. 1.140(B)(6).

Violation of Section 512 of Title 17 of the U.S.C: The notice and takedown procedure referenced in the above statute has not been violated in this instance, as the Amended Complaint fails to credibly allege that the Defendants erred in their actions under the statute. The statute allows for a safe harbor provision in which the Plaintiff can contest the taking down of alleged infringing material. The Defendants did not err or purposefully target the Plaintiff under the statute, they engaged in good faith notices under the statute, and the Amended Complaint fails to allege a credible basis to show a violation of said statute occurred in this instance.

Further: Per Section 12 (i) of the Service Contract between the parties, the contract calls for binding arbitration as the appropriate forum for a dispute between the parties arising from said contract. Said Service Contract itself was attached as an Exhibit to the Plaintiff's Amended Complaint. The Plaintiff has cost the parties time and money pursuing an action in federal court for which there was a clear and obvious alternative venue contractually agreed to between all parties. As such, the Defendant moves that the Court dismiss the action, and compel the parties to arbitration.

     WHEREFORE, The Defendants move that the Court dismiss the action or in the alternative compel the parties to arbitration, and award the Defendants all reasonable fees in connection with this motion.

Respectfully submitted on July 10th, 2023.


s/ Trescot J. Gear_____
Trescot J. Gear, Esquire
Florida Bar No. 118216
1405 West Swann Avenue
Tampa, Florida 33606
Tel.:   (904) 654-6221
Fax.:   (813) 337-0243
Primary email: Trescot@gearlawllc.com
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 10th day of July, 2023, a true and correct copy of the foregoing was furnished to counsel for the Plaintiff via CM/ECF.

GEAR LAW, LLC

s/ Trescot J. Gear_____
Trescot J. Gear, Esquire
Florida Bar No. 118216
1405 West Swann Avenue
Tampa, Florida 33606
Tel.:   (904) 654-6221
Fax.:   (813) 337-0243
Primary email: Trescot@gearlawllc.com
Attorneys for Defendants