UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MYCOL AKHILE,

    Plaintiff,

v.                                                        CASE NO. 8:23-cv-221-SDM-CPT

SETH HOLBROOK FITNESS, LLC, et al.,

    Defendants.
_____/

**ORDER**

In a six-page paper violative of the Local Rules, Seth Holbrook and Seth Holbrook Fitness, LLC, move (Doc. 17) both to compel arbitration and to dismiss for failure to state a claim. Mycol Akhile responds (Doc. 20) in opposition.

According to the amended complaint (Doc. 9), in April 2022 Akhile retained Seth Holbrook of Holbrook Fitness, LLC, to "assist and guide" Akhile to increase his revenue derived from social media. Although the service contract awarded Holbrook LLC the copyright to all content "created by" Holbrook LLC or created "at the instruction" of Holbrook LLC, Akhile continued to create content independent of the service contract, that is, content neither "created by" nor created "at the instruction of" Holbrook LLC. Eventually, Akhile grew dissatisfied with Holbrook's guidance and terminated the service contract. In response, Holbrook LLC allegedly submitted baseless Digital Millennium Copyright Act (DMCA) notices against Akhile for creating content independent of the service contract. These notices

allegedly resulted in the suspension of Akhile's accounts on OnlyFans, a social media platform and a principal source of Akhile's income.  After Akhile retained counsel and submitted counter notices in accord with Section 512 of the DMCA, Holbrook began filing in state court allegedly baseless copyright infringement actions against Akhile.  Although Holbrook filed these infringement actions more than ten months ago, Holbrook has failed to serve Akhile.  Akhile infers from Holbrook's failure to serve that Holbrook has no intention of prosecuting these state court infringement actions and that Holbrook has sued Akhile only to ensure that OnlyFans preserves the suspension of Akhile's accounts.  Alleging that Holbrook and Holbrook LLC have engaged in a baseless and retaliatory campaign to deprive Akhile of income, Akhile asserts against Holbrook and the LLC a host of business torts and intellectual property claims.

1.   Arbitration

"Arguing" in favor of compulsory arbitration, Holbrook analyzes no law, cites no case or statute, and presents no statement of facts.  Rather, in a single paragraph at the end of the motion, Holbrook cites — but fails to analyze or discuss — Section 12(f) of the service contract.  Section 12(f) of the service contract, appended to the amended complaint, states that any dispute "arising out of relating to" the service contract is subject to arbitration.  The interpretation of an arbitration agreement, like the interpretation of any contractual provision, is governed by state law.  *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1147 (11th Cir. 2015).  Under Florida law, a "broad" arbitration provision, such as the arbitration provision in the service contract, applies

- 2 -

only if a "significant relationship" exists between the dispute and the contract. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 638 (Fla. 1999) (Anstead, J.). A significant relationship exists only if the claim arises from a "duty created by the parties' unique contractual relationship" rather than arising from "the breach of a duty otherwise imposed by law or in recognition of public policy." *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013) (Lewis, J.) (citation omitted). In other words, a significant relationship exists only if resolution of the claim "requires either reference to, or construction of, a portion of the contract." *Jackson*, 108 So. 3d at 593. Although the claim might not have arisen in the absence of a contract, the existence of "but for" causation is insufficient to establish a significant relationship. *Seifert*, 750 So. 2d at 638.

The amended complaint alleges that Holbrook and Holbrook LLC have engaged in a retaliatory campaign of submitting baseless copyright infringement notices and filing baseless copyright infringement actions against Akhile for publishing content created independently of the service contract. As pleaded, the amended complaint requires neither reference to, nor construction of, the service contract because the amended complaint attempts to enforce no provision of the service contract and describes no right governed by the service contract. Again, the service contract awards Holbrook LLC a copyright only to content created by Holbrook LLC or at the instruction of Holbrook LLC. But the amended complaint alleges that Holbrook and Holbrook LLC have baselessly claimed a copyright to content created independently of the service contract, that is, content created neither by Holbrook LLC

nor at the instruction of Holbrook LLC. Holbrook presents no legal analysis and presents no statement of fact suggesting that the service contract — even arguably — governs the copyright to the independent content created by Akhile. In the absence of any presentation of argument or fact, Holbrook has failed under 9 U.S.C. § 3 to "satisf[y] [the district judge] that the issue involved in such suit or proceeding is referable to arbitration under such agreement."[1] Holbrook's conclusory motion for arbitration, devoid of argument or analysis, warrants denial.

2.   Rule 12(b)(6)

None of Holbrook's arguments for failure to state a claim is persuasive. The amended complaint plausibly alleges that Holbrook (1) defamed Akhile by submitting allegedly baseless copyright infringement notices, (2) engaged in an unfair and deceptive trade practice by embarking on a retaliatory campaign to suspend Akhile from OnlyFans, (3) tortiously interfered with Akhile's business relation with OnlyFans by submitting allegedly baseless notices of copyright infringement, (4) knowingly misrepresented in violation of 17 U.S.C. § 512(f) that Akhile infringed Holbrook's copyright, and (5) fraudulently misrepresented to OnlyFans that Akhile had infringed Holbrook's copyright.

---

[1] Also, Akhile presents other, possibly insurmountable obstacles to arbitration. First, Akhile argues plausibly that Holbrook waived the right to arbitration by suing Akhile for infringement in state court without first demanding arbitration. Second, Akhile argues persuasively that by failing to respond to Akhile's request for pre-suit mediation—a precursor to arbitration under Section 12(f)(i) of the service contract—Holbrook has waived the ability to demand arbitration. However, because the motion to compel arbitration is facially deniable, this order defers resolution of Akhile's contention of waiver.

The motion (Doc. 17) to dismiss and to compel arbitration is **DENIED**. Holbrook and the LLC must answer the complaint not later than **AUGUST 28, 2023**.

## A CAUTION TO HOLBROOK

An earlier order (Doc. 17) strikes Holbrook's first motion to dismiss for failure to include a certification under Local Rule 3.01(g). About fifteen minutes after the earlier order struck Holbrook's first motion, Holbrook renewed his motion and included a certification of mystifying content. Specifically, the renewed motion certified that on June 20, 2023 — twenty-one days earlier — the parties had conferred about a prospective motion to extend the time within which to respond to the complaint and that during this conference Akhile's counsel reported his opposition to "dismissal of the suit via above Motion," that is, the pending motion to dismiss and compel arbitration. This representation — that twenty-one days ago during a conference about a prospective motion for an extension the parties also conferred about the substance of the instant, hastily assembled motion — appears suspiciously implausible. In any event, Akhile confirms this suspicion by confirming in his opposition brief that during the June 20, 2023 conference the parties conferred about the prospective motion for an extension only and "did not confer" about the motion to dismiss and to compel arbitration. (Doc. 20 at 2)

Despite a warning to comply with Local Rule 3.01(g), Holbrook has either intentionally included a misleading statement about the matters discussed during the parties' June 20, 2023 conference or negligently included an erroneous certification.

Although Hanlon's Razor counsels against attributing duplicity to an act explainable by negligence, patience for inattention to the Local Rules has reached its limit. In an action in which counsel is accused of filing on behalf of his client baseless and frivolous actions for copyright infringement, an informed legal observer might assume that counsel would attend scrupulously to the Local Rules and attend especially to any order admonishing counsel for failure to comply with the Local Rules. But attempts to direct counsel's attention to the Local Rules have proved unfruitful. **Accordingly, further non-compliance with the Local Rules by Holbrook will likely result in the summary striking — with prejudice — of any non-compliant paper.**

ORDERED in Tampa, Florida, on August 10, 2023.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE