UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MYCOL AKHILE,

    Plaintiff,

v.                                              Case No.  8:23-cv-221

SETH HOLBROOK FITNESS, LLC et al

    Defendants.

_____/

**DEFENDANTS' SUPPLEMENTAL ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Pursuant to the Court Order granting leave to file a Supplemental Answer [Doc. 35], Defendants Seth Holbrook and Social Athlete LLC formerly Seth Holbrook Fitness, LLC supplement their Answer and Affirmative Defenses (Doc. 27) to add the following Counterclaim:

**COUNTERCLAIM**

Defendants/Counter-Plaintiffs Seth Holbrook ("Holbrook") and Social Athlete LLC formerly Seth Holbrook Fitness, LLC ("Social Athlete")(collectively, "Counter-Plaintiffs") and hereby submit their Counterclaim against Plaintiff/Counter-Defendant Mycol Akhile, and allege as follows:

1

## JURISDICTION AND VENUE

1. Holbrook is an individual residing and conducting business in Florida.

2. Social Athlete is a Florida limited liability company with a principal place of business in Pasco County, Florida.

3. Social Athlete was originally organized as Seth Holbrook Fitness, LLC under the laws of Maryland in 2017, changed its name to Social Athlete LLC, and then converted to a Florida limited liability company in 2023.

4. Mr. Akhile is an individual residing in California.

5. This is an action for copyright infringement.

6. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1338 and because they are related to Mr. Akhile's claims and form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) and §1400(b) because Mr. Akhile does business in this District and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

8. Social Athlete is a full-time marketing, consultation, and management company for influencers around the world.

9. Social Athlete's services include marketing and social media plans and strategy, management and consultation on marketing and content creation, and overall marketing support to its clients.

10. Social Athlete and Mr. Akhile entered into a contract in April 2022 for

Defendants to provide Plaintiff with management, consultation, and production services ("Service Contract"). *See* ECF No. 9-1 (PageID 335-348), corresponding to a copy of the Service Contract.

11. As provided in Section 2(a) of Service Contract, Mr. Akhile agreed to pay fees to Social Athlete in the amount of twenty (20) percent of the gross revenue generated by Mr. Akhile during the Term, pay said fee for all revenue within 30 days of expiration of the Term, and pay said fee for an additional twelve months if the revenue increased by 50% or more during the Term. *See* PageID 337-338.

12. As provided in Section 5(a) of Service Contract, Mr. Akhile assigned to Social Athlete all copyrights to all then existing and future "content created or posted on social media or online platforms." *See* PageID 340.

13. As provided in Section 5(a) of Service Contract, Mr. Akhile also assigned to Social Athlete all copyrights to all then existing and future "content created by COMPANY on behalf of TALENT and/or created by TALENT at the instruction of COMPANY." *See* PageID 340.

14. As provided in Section 3(b) of the Service Contract, Mr. Akhile may only terminate the contract upon "ninety (90) days prior written notice for any material breach of this CONTRACT," and "COMPANY shall then have thirty (30) days from proper notice to correct alleged breach." *See* PageID 339.

15. Social Athlete relied on the covenants and conditions outlined in the Service Contract and would not have entered into this agreement with Mr. Akhile unless said promises and conditions were upheld and satisfied.

16. Mr. Akhile never expressed any dissatisfaction with the quality of Counter-Plaintiffs' services.

17. Upon receiving the services of Social Athlete, Mr. Akhile experienced a growth in his OnlyFans account and over 100% increase in monthly revenue. *See* Exhibit A, corresponding to statements reflecting increase from $3070.40 in April 20, 2022 to $9230.56 in May 27, 2022.

18. Mr. Akhile breached his agreement with Social Athlete on June 28th, 2022 by failing to comply with the covenants and conditions in the Service Contract.

19. Mr. Akhile breached the Service Contract by wrongfully terminating the contract in failing to provide specific written 90-day notice to Social Athlete before termination, which would have allowed a 30-day period for Social Athlete to materially cure any dispute before Mr. Akhile was permitted to properly terminate the agreement.

20. Mr. Akhile breached the Service Contract by failing to provide proof of earnings and failing to compensate Social Athlete based on his revenue.

21. Mr. Akhile's permission to use Social Athlete's copyrighted material was conditioned on Mr. Akhile's payment of fees required by the Service Contract.

22. Mr. Akhile breached the Service Contract by displaying and publishing copyrighted material owned by Social Athlete or substantially similar works on a third-party website without the consent or permission of Social Athlete after Mr. Akhile wrongfully terminated the contract in June 2022. See Section 5 (a-c) of the Agreement.

23. After Mr. Akhile breached and wrongfully terminated the Service Contract, Social Athlete submitted copyright infringement notices under the Digital Millennium Copyright Act ("DMCA") against Mr. Akhile's @armanidlux and @armaniluxx OnlyFans accounts.

24. On or around October 2022, Mr. Akhile opened a new OnlyFans account @antibasic where he continues to profit and infringe on works owned by Social Athlete to date.

25. Social Athlete's works of art assigned by Mr. Akhile through the Service Contract include eight photographic works registered with the Copyright Office depicting Mr. Akhile in various poses and were published on January 2022 (the "Works").

26. The Works are owned by Social Athlete because the photographs were posted on social media or online platforms by the execution of the Service Contract, thus they were assigned in the Service Contract.

27. The Works are duly registered with the Register of Copyrights as photographs within a Group Registration of Published Photographs issued as Registration No. VA0002363719. *See* Exhibit B, registration record.

28. The Works were filed on and have an effective registration date of August 29, 2023. The registration decision date was September 27, 2023.

29. Mr. Akhile has, without Social Athlete's authorization, reproduced, displayed, published, and otherwise infringed the Works.

30. Mr. Akhile's actions in publishing the copyrighted material have injured and continue to injure Counter-Plaintiffs to date while Mr. Akhile continues to unjustly profit from his OnlyFans account without compensating Counter-Plaintiffs.

## COUNT I - COPYRIGHT INFRINGEMENT

31. Counter-Plaintiffs re-allege the allegations set forth above in paragraphs 1 through 30 as if set forth herein in full.

32. Counter-Plaintiff Social Athlete has valid copyright ownership in the Works at issue in this action.

33. Social Athlete has the exclusive rights and privileges to display, reproduce, make derivative works, and distribute copies of the Works.

34. Mr. Akhile directly infringed Social Athlete's exclusive rights in its copyrights.

35. Mr. Akhile copied, displayed, and distributed Social Athlete's copyrighted Works and works substantially similar to said Works in violation of Social Athlete's exclusive rights under 17 U.S.C. §106.

36. Mr. Akhile displayed infringing works on online platforms such as OnlyFans without the authorization of Social Athlete after his breach of the conditions of the Service Contract and wrongful termination of the Service Contract.

37. Mr. Akhile's conduct constitutes willful and direct copyright infringement of Social Athlete's copyrighted Works.

38. Mr. Akhile profited from the direct infringement of the exclusive rights of Plaintiff in the Works at issue in this case under the Copyright Act.

39. Social Athlete has been irreparably damaged by the infringement.

40. Social Athlete is entitled to permanent injunctive relief from Mr. Akhile's infringement.

41. As a direct and proximate result of Mr. Akhile's infringement of Social Athlete's exclusive rights, Social Athlete is entitled to actual damages, profits, and any other applicable remedy pursuant to 17 U.S.C. § 504.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a) entry of a permanent injunction pursuant to 17 U.S.C. § 502(a), and Federal Rule of Civil Procedure 65 enjoining Mr. Akhile, his agents, representatives, servants, employees, and all those acting in concert or participation, from: reproducing, displaying, advertising or promoting, distributing, selling or offering to sell the Works; from infringing the Works; from using the Works, or any design or image similar thereto, in connection with the sale of any unauthorized goods or services;

b) entry of an award of Mr. Akhile's profits and Social Athlete's actual damages; and

c) Any other relief as the Court may deem proper.

Dated: December 11, 2023,	Respectfully submitted,


                                          */s/ Christian Sanchelima*
                                          Christian Sanchelima, Esq.
                                          Florida Bar No. 107751
                                          Email: chris@sanchelima.com
                                          Liany Estevez, Esq.
                                          Florida Bar No. 1024902
                                          Email: estevez@sanchelima.com
                                          Sanchelima & Associates, P.A.
                                          235 S.W. Le Jeune Road
                                          Miami, Florida 33134
                                          Telephone:  (305) 447-1617
                                          Facsimile:  (305) 445-8484
                                          *Attorneys for Defendants/Counter-Plaintiffs*

                                          Peter A. Koziol, Esq. (FBN 030446)
                                          Email: pak@assoulineberlowe.com
                                          Francisco J. Barreto, Esq. (FBN 1017734)
                                          Email: fjb@assoulineberlowe.com
                                          Assouline & Berlowe, P.A.
                                          2385 NW Executive Center Drive
                                          Suite 100
                                          Boca Raton, FL 33431
                                          Telephone: (561) 361-6566
                                          Facsimile: (561) 361-6466
                                          *Attorneys for Defendants/Counter-Plaintiffs*

                                          Trescot J. Gear, Esquire
                                          Florida Bar No. 118216
                                          1405 West Swann Avenue
                                          Tampa, Florida 33606
                                          Tel.: (904) 654-6221
                                          Fax.: (813) 337-0243
                                          *Attorneys for Defendants/Counter-Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 11, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                */s/ Christian Sanchelima*
                                Christian Sanchelima, Esq.

## SERVICE LIST

Mark Christopher Johnson
Email: MJ@JohnsonDalal.com
Veronika Balbuzanova
Email: VB@JohnsonDalal.com
Johnson Dalal
111 N. Pine Island Road, Suite 105
Plantation, FL 33324
954-507-4500
Fax: 954-507-4502
*Attorneys for Plaintiff*
Via ECF

# Exhibit A

# STATEMENTS

| | | |
|---|---|---|
| TOTAL | GROSS $132900.45 | NET $106320.36 |

| Month | Amount |
|---|---|
| April, 2022 | $3070.40 |
| March, 2022 | $5071.60 |
| February, 2022 | $4239.20 |
| January, 2022 | $5107.60 |
| December, 2021 | $5364.80 |
| November, 2021 | $4900.05 |
| October, 2021 | $5020.80 |
| September, 2021 | $5422.80 |
| August, 2021 | $5140.80 |
| July, 2021 | $4342.40 |

onlyfans.com



# Exhibit B



# Public Catalog

Copyright Catalog (1978 to present) at DC4
Search Request: Left Anchored Name = social athlete
Search Results: Displaying 1 of 1 entries

*Mycol 2022.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002363719 / 2023-08-29 |
| **Application Title:** | Mycol 2022 |
| **Title:** | Mycol 2022. [Group registration of published photographs. 8 photographs. 2022-01-01 to 2022-01-31] |
| **Description:** | 8 photographs : Electronic file (eService) |
| **Copyright Claimant:** | Social Athlete LLC, Transfer: By written agreement. Address: 39939 Pretty Pond RD, Zephyrhills, FL, 33540, United States. |
| **Date of Creation:** | 2022 |
| **Publication Date Range:** | 2022-01-01 to 2022-01-31 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Mycol Akhile; Domicile: United States. Authorship: photographs. |
| **Rights and Permissions:** | Christian Sanchelima, Sanchelima & Associates P.A., 235 SW Le Jeune Rd.,, Miami, FL, 33134, (305) 447-1617, legal@sanchelima.com |
| **Copyright Note:** | Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group. |
| | Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application. |
| **Photographs:** | Published in January 2022 (1 photographs): Mycol2 |
| | Published in January 2022 (1 photographs): Mycol3 |
| | Published in January 2022 (1 photographs): Mycol4 |
| | Published in January 2022 (1 photographs): Mycol1 |
| | Published in January 2022 (1 photographs): Mycol6 |
| | Published in January 2022 (1 photographs): Mycol7 |
| | Published in January 2022 (1 photographs): Mycol8 |
| | Published in January 2022 (1 photographs): Mycol5 |
| **Names:** | Akhile, Mycol |
| | Social Athlete LLC |